MATTHEW BELL,

                    Petitioner,                  Case No. 2:16-cv-11439
                                                            Hon. Nancy G. Edmunds

SHAWN BREWER,

                    Respondent.

_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS [Dkt. 6], (2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND (3) DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

Matthew Bell, ("Petitioner"), a Michigan Department of Corrections prisoner serving a life sentence, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Wayne Circuit Court jury trial conviction of two counts of first-degree murder, MICH. COMP. LAWS § 750.316, two counts of armed robbery, MICH. COMP. LAWS § 750.529, one count of conspiracy to commit armed robbery, MICH. COMP. LAWS § 750.157a, and possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b.

The Court interprets the petition to be raising the following claims: (1) Petitioner was denied the effective assistance of counsel when his trial attorney failed to call two alibi witnesses at trial, (2) trial counsel was ineffective for failing to request a cautionary instruction, (3) and (7) the state court unconstitutionally failed to review claims presented in Petitioner's third petition for post-conviction review, (4) and (5) trial counsel failed to conduct an adequate pretrial investigation, (6) Petitioner was denied the effective assistance of appellate counsel for failing to present ineffective assistance of trial counsel

claims on direct appeal, and (8) the court rule relied upon by the state court to deny Petitioner's third post-conviction review proceeding was inadequate.

This matter is before the Court on Respondent's motion to dismiss the petition as untimely filed. Petitioner has not filed a response to the motion, but his petition asserts that review of his claims is permitted based on his showing of actual innocence. The Court will grant Respondent's motion and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d), and Petitioner has failed to demonstrate that he is actually innocent. The Court will also deny Petitioner a certificate of appealability and deny permission to proceed on appeal in forma pauperis.

## I. Background

Petitioner's convictions arise from an incident occurring on July 29, 1999, in which Petitioner and his co-defendant, Troy King, conspired to rob two women who were working as prostitutes. Petitioner stood trial twice. His first trial ended with a hung jury. The evidence presented at Petitioner's second trial indicated that King brought the two women to a house where Petitioner was waiting. When the victims arrived at the house, evidence was presented indicating that Petitioner shot both women during the course of the robbery. The bodies were wrapped in blankets and dumped at another location in Detroit.

Following his conviction and sentence, Petitioner filed an appeal of right in the Michigan Court of Appeals. On May 15, 2003, the Michigan Court of Appeals issued an unpublished opinion affirming the convictions, but vacating one armed robbery conviction on double jeopardy grounds. *People v. Bell*, No. 239518, 2003 WL 21130164 (Mich. Ct. App. May 15, 2003). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On November 24, 2003, the Michigan Supreme Court denied Petitioner's

application by standard order. *People v. Bell*, 671 N.W.2d 878 (Mich. 2003) (table).

Over three years later, on March 29, 2007, Petitioner filed his first motion for relief from judgment in the state trial court. The court denied the motion on October 1, 2007. See Dkt. 7-21. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On August 22, 2008, the Michigan Court of Appeals denied the application in a standard order. *People v. Bell*, No. 283337 (Mich. Ct. App. Aug. 22, 2008). Petitioner applied for leave to appeal to the Michigan Supreme Court, but his application was denied on January 9, 2009. *People v. Bell*, 759 N.W.2d 24 (Mich. 2009) (table).

Over five years later, on January 28, 2014, Petitioner filed a second motion for relief from judgment in the trial court. The trial court denied the motion on February 5, 2014.

On August 15, 2014, Petitioner filed a third motion for relief from judgment in the trial court. On August 25, 2014, the trial court summarily denied the motion. See Dkt. 7-23. Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals. On October 24, 2014, the Michigan Court of Appeals dismissed the application pursuant to Michigan Court Rule 6.502(G), which prohibits the filing of successive post-conviction proceedings. *People v. Bell*, No. 323675 (Mich. Ct. App. Oct. 24, 2014). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On September 29, 2015, the Michigan Supreme Court denied the application under Rule 6.502(G). *People v. Bell*, 869 N.W.2d 604 (Mich. 2015) (table).

Petitioner dated his federal habeas petition on April 7, 2016. Because Petitioner is proceeding pro se, the petition is considered filed as of the date he signed it under penalty of perjury. See *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. No other starting point appears in the record. Under section 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Here, that date is February 22, 2004, the last day Petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court - 90 days after the Michigan Supreme Court denied Petitioner's application for leave to appeal on November 24, 2003. See *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"). The deadline for filing the habeas petition expired one year later, or on February 22, 2005.

Petitioner filed his first post-conviction motion in the state trial court on March 29, 2007, over two years after a the statute of limitation already expired. Because Petitioner's post-conviction motion was filed after the limitations period expired, it did not act to toll or reset the limitations period. See *McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).

The petition is therefore time-barred unless Petition demonstrates grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

The only argument in the petition suggesting a ground for equitably tolling is Petitioner's argument that he is actually innocent. The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). See *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28); see also *House v. Bell*, 547 U.S. 518, 537-39 (2006).

A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Here, Petitioner asserts that he is actually innocent because in his first trial his wife and he presented alibi testimony that Petitioner was at home babysitting at the time of the offense. Dkt. 1, at 18. He claims to have another alibi witness as well. Id. Petitioner notes that his first trial ended in a hung jury. This prior testimony is a far cry from the type of newly presented evidence that make it more likely than not that no reasonable juror would have convicted him. *Bousley*, 523 U.S. at 623. A reasonable juror very well might chose not to credit the testimony of Petitioner, his wife, and some other person that Petitioner was at home during the time of the offense in light of the evidence presented against him at trial.

Briefly, the prosecutor's case was supported by the testimony of Darrell Deed, who overheard the conversation where Troy King and Petitioner planned to "hit a lick" while they were present at a house where Deed lived. Dkt. 7-14, at 69. King later arrived at the house with two women. Id., 72-76. Deed later heard gunshots at the house, and he saw Petitioner standing over one of the women with a handgun. Id., 79-80. Petitioner subsequently asked Deed to help move the bodies, but he refused. Id, at 83. Deed later saw Petitioner and another man put something rolled-up in the back of Petitioner's pick-up truck. Id., 83-86.

Isaiah Murray testified that he ran the escourt service. Dkt. 7-15, at 74. The victims worked for him, and he knew Petitioner. Petitioner's brother worked security for him. Id., 75-76. Murray testified that one of the victims was carrying about $4,000 dollars in cash on the date of the murders, and King knew she had the money. Id., at 78-79, 86.

King, who had been convicted of armed robbery and conspiracy in relation to the incident, testified against Petitioner. Id., at 103-04. He testified regarding details of the plan, robbery, and murder, stating that he heard the shots when Petitioner was robbing the two women. Id., at 106-112.

-6-

In light of the evidence presented against Petitioner, his reliance on defense evidence offered at his first trial presents neither the rare nor extraordinary case where application of the statute of limitations would foreclose habeas review to a petitioner who has made a substantial showing that he is actually innocent. See *Souter*, 395 F.3d at 590.

Accordingly, the Court will grant Respondent's motion and dismiss the petition because it was filed after expiration of the one-year statute of limitations, and Petitioner has failed to demonstrate entitlement to equitable tolling.

### III.  Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not debate the Court's procedural ruling. A certificate of appealability will therefore be denied. Leave to appeal in forma pauperis is denied because an appeal of this order could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

### IV. Order

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **DENIED.**

        s/ Nancy G. Edmunds
        Hon. Nancy G. Edmunds
        United States District Judge

Dated: 5/18/17

## CERTIFICATION

I hereby certify that a copy of this order was served upon counsel/parties of record on this 18th of May, 2017 by regular mail and/or CM/ECF notification.

        s/ Carol J Bethel
        Case Manager